# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| DESPINA SMALIS, | ) | Bankruptcy No. 05-31587-CMB |
|         Debtor. | ) | Chapter 7 |
| | ) | Adversary No. 13-2362-CMB |
| ERNEST SMALIS, | ) | |
| | ) | |
|         Appellant, | ) | Civil Action No. 14-577 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DESPINA SMALIS, MICHAEL SMALIS, CITY OF PITTSBURGH SCHOOL DISTRICT, CITY OF PITTSBURGH LAW DEPARTMENT, CITY OF PITTSBURGH BUILDING INSPECTION, ALLEGHENY COUNTY LAW DEPARTMENT, COUNTY BOARD OF PROPERTY ASSESSMENT APPEAL AND REVIEW, and ROBERT O LAMPL, | ) | |
| | ) | |
|         Appellees. | ) | |

## MEMORANDUM ORDER

Ernest Smalis ("Appellant" or "Mr. Smalis") appeals the bankruptcy court's final orders[1] denying his Motion for Reconsederation [*sic*] from Memorandum Order ("Motion for Reconsideration"), in which that court denied his previous Motion for Sanctions Against Robert O Lampl for Misleading the Court ("Motion for Sanctions"). (Doc. 1). Such Memorandum Orders are considered "final" under the meaning of the term in 28 U.S.C. § 158, and are appealable as of right. See In re Beers, 2009 WL 4282270 (D.N.J. 2009) (affirming a final order

---

[1] Appellant states that he appeals Judge Böhm's April 10, 2014, Memorandum Order denying his Motion for Reconsideration. Notice of Appeal (Doc. 1). Appellant is pro se, and it is clear from his brief that he also intends to appeal her denial of his underlying Motion for Sanctions. App.'s Br. (Doc. 3) at 1 ("This case is about sanctions filed by Ernest Smalis against Attorney Robert O Lampl. The bankruptcy court denied Appellant's motion for sanctions and return of legal fees to the estate."). As such, the Court reviews both Memorandum Orders.

of the bankruptcy court denying a motion for sanctions). The appeal will be denied, and the Memorandum Orders of the bankruptcy court, dated March 3, 2014, and April 10, 2014, will be affirmed.

**DISCUSSION**

On appeal to the district court, the legal conclusions of the bankruptcy court are subject to *de novo* review. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir.1997); Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir. 1995). Findings of fact, however, are set aside only if "clearly erroneous." See Fed. R. Bankr. P. 8013; Chemetron, 72 F.3d at 345; In re Indian Palms Assocs., Ltd., 61 F.3d 197, 203 (3d Cir. 1995). The Court reviews the denial of motions for sanctions and for reconsideration "under the deferential abuse of discretion standard." In re Srinivasan, 2011 WL 3040216, *4 (D.N.J. 2011) (citing Churchill v. Star Enterprises, 183 F.3d 184, 189 (3d Cir. 1999)); see Marcus Lee Assocs., L.P. v. Wachovia Bank, N.A., 2011 WL 206126, *1 (E.D. Pa. 2006) (citing McDowell v. Phila. Housing Auth., 423 F.3d 233, 238 (3d Cir. 2005)); see also North River Ins. Co. v. Cygnet Reinsurance Co., 52 F.3d 1194, 1203 (3d Cir. 1995); Lorenz v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993). "A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts." Utica Leaseco, LLC v. GMI Land Co., LLC, 2011 WL 2458065 (W.D. Pa. 2011) (citing In re O'Brian Envtl Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999); see also Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) ("An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.") (internal citations omitted).

After the bankruptcy court dismissed Appellant's complaint and amended complaint in Adversary No. 13-2362-CMB, Judge Böhm addressed his remaining Motion for Sanctions.[2] App. to Appellee's Br. (Doc. 6) at Ex. 7. Appellant's Motion for Sanctions posits that Robert O Lampl ("Attorney Lampl" or "Appellee") violated Federal Rule of Bankruptcy Procedure 9011 by misleading the court. Mot. for Sanctions (Jan. 16, 2014); App. to Appellee's Br. at Ex. 7. He alleges that Despina Smalis ("Debtor") and their son, Michael Smalis, hired Attorney Lampl to represent Appellant and that Attorney Lampl settled matters on his behalf without acquiring his consent or permission. Id. He sought the return of a $25,000 payment previously paid to Attorney Lampl. Id.

The bankruptcy court held an evidentiary hearing on the motion, prior to which Mr. Smalis submitted documentary evidence in support of his motion totaling "approximately one hundred and fifty pages." Id. at Ex. 7, p. 2. On February 26, 2014, Mr. Smalis appeared at the evidentiary hearing during which, "over a period of approximately two hours, and generally without interruption, [he] presented his testimony and argument in support of his Motion for Sanctions. The evidentiary hearing did not conclude until the bankruptcy court verified that Mr. Smalis had nothing more to add to the record." Id. at Ex. 7, p. 3. After listening to the audio recording and reviewing transcripts, the Court concurs with Judge Böhm's description of the February 26, 2014, hearing. On March 3, 2014, Appellant's Motion for Sanctions was denied. Id. at Ex. 7.

On March 6, 2014, Appellant filed his Motion for Reconsideration in the bankruptcy court. An additional hearing was held on April 8, 2014. Id. at Ex. 10. On April 10, 2014, Appellant's Motion for Reconsideration was denied. Id.

---

[2] Appellant additionally filed a Motion to Refer which was reviewed and denied concurrently with his Motion for Sanctions. Appellant does not discuss his previous Motion to Refer in the instant appeal; the Court does not review the order on that motion.

**Motion for Sanctions**

A district court must "give 'due regard' to the opportunity of [the bankruptcy] court to judge first-hand the credibility of witnesses" when reviewing its factual findings. Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995); see Fed. R. Bankr. P. 8013; Chemetron, 72 F.3d at 345; In re Indian Palms Assocs., Ltd., 61 F.3d at 203. Although Appellant makes various arguments in his brief – some of which are novel and therefore inappropriate for consideration on appeal – the Court understands the crux of his argument to be that the bankruptcy court abused its discretion in failing to find that Attorney Lampl settled matters on behalf of Mr. Smalis pursuant to a Consent Order, without Mr. Smalis's authorization. See Appellant's Br.

The Court finds that the bankruptcy court did not abuse its discretion in denying Appellant's Motion for Sanctions. After reviewing the record before the bankruptcy court, including the audio recording and transcript from the February 26, 2014 evidentiary hearing, the Court agrees with Judge Böhm's conclusions. It is readily apparent that "Mr. Smalis [was] seeking to relitigate matters which were long ago decided by final judgment in state court and which he has attempted to raise in bankruptcy court before Judge Fitzgerald, Judge Markovitz, and now [Judge Böhm]." App. to Appellee's Br. at Ex. 7. The vast majority of the evidence he presented, and the arguments that he made, had absolutely no bearing on his allegations that Attorney Lampl engaged in any wrong-doing. Simply stated, there is no evidentiary basis for the imposition of sanctions. See Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1225 (3d Cir.1995) (Rule 11 sanctions require a showing of "objectively unreasonable conduct").

Mr. Smalis vehemently insists that a few statements made by Attorney Lampl in prior hearings, taken out of context, fully prove his case. After listening to the recordings of these statements, the Court cannot find that the bankruptcy court's disagreement with Mr. Smalis was even remotely in error. Mr. Smalis's minimal evidence simply does not prove that Attorney Lampl ever misled the Court, in spite of his vociferous and repeated protests to the contrary.[3] The Court sees no legitimate basis to reverse the order of the bankruptcy court denying the Mr. Smalis's Motion for Sanctions.

**Motion for Reconsideration**

Motions for reconsideration also are reviewed for abuse of discretion. See Marcus Lee Assocs., 2011 WL 206126, *1; see also North River Ins. Co., 52 F.3d at 1203; Lorenz v. Griffith, 12 F.3d at 26. "A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts." Utica, 2011 WL 2458065.

A bankruptcy court grants a motion for reconsideration only if the moving party demonstrates: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Banks v. Berger, 2006 WL 1507151, *4 (W.D. Pa. 2006) (quoting Reich v. Compton,

---

[3] The Court further notes that we have witnessed first-hand Mr. Smalis's tendency to mischaracterize others' past statements, lending additional credence to Judge Böhm's decision to credit the testimony of Attorney Lampl over the claims of Mr. Smalis. In his appeal, Appellant argues, for example, that Attorney Lampl called him an "animal with a tail" during the February 26, 2014, hearing, and threatened him with death and injury, stating "I will put him down." Appellant Br. at 4. Upon review of the transcript and audio recording of this hearing, it is clear that Mr. Smalis's statements are misleading. Attorney Lampl never called Appellant an animal with a tail. Rather, in reference to the umpteenth hearing Attorney Lampl had been forced to attend in connection with various motions filed by Mr. Smalis, Attorney Lampl stated, "[t]his is just a tail on the end of this animal." Tr. at p. 72. When taken in context, it is clear that Attorney Lampl is referring to the overall legal proceedings involving he and Mr. Smalis as the "animal," and the February 26, 2014, hearing – or the Motion for Sanctions – as the "tail." Further, after stating that a colleague of Attorney Lampl's suggested that he settle with Mr. Smalis in order to dispose of this dispute, Mr. Lampl stated that he reported to this friend, "I'll put him down before I give him something." Id. at 71-72. Again, when read in context, it is very clear that Attorney Lampl is not threatening Mr. Smalis with death or injury in this statement. He is frustrated by the ongoing nature of Mr. Smalis's legal actions against him, and he is speaking hyperbolically and metaphorically regarding his desire to fight Mr. Smalis's unfounded motion rather than reward his behavior with a monetary payment.

834 F.Supp. 753, 755 (E.D. Pa. 1993)). A motion for reconsideration is not a proper vehicle to request that a court simply rethink a prior determination. See Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Judge Böhm determined that Appellant failed to demonstrate that any of these three bases for reconsideration existed in this instance. App. to Appellee's Br. at Ex. 10.

The Court has reviewed the following: Appellant's Motion for Reconsideration; the Response thereto; Appellant's "Response and Rebuttal"; the audio and transcript records of the February 26, 2104, and April 8, 2014, hearings; both parties' arguments and evidence submitted directly to this Court on appeal; and the submissions relating to Appellant's Motion for Sanctions. The Court concludes that Appellant has not demonstrated that the bankruptcy court's denial of his Motion for Reconsideration "rest[ed] upon an error of law or a misapplication of law to the facts." Utica, 2011 WL 2458065. Contrary to his insistence, Appellant reiterates the same or similar arguments that he raised previously before the bankruptcy court, the majority of which are entirely unrelated to any request for sanctions against Appellee. The Court agrees with the bankruptcy court's conclusion that Appellant's primary goal in filing his numerous motions, including his Motion to Reconsider and the appeal thereof, is to collaterally attack the determinations of other judicial and administrative bodies that were never within the jurisdiction of Judge Böhm. See App. to Appellee's Br. at Ex. 10. On appeal, Mr. Smalis fails to point to anything in the record – neither new evidence nor intervening law, nor a prior clear error of law – that Judge Böhm neglected to properly consider in her Memorandum Order on his Motion to Reconsider. See Appellant's Br. There is no evidence before the Court that the discretion of the bankruptcy court was abused.

**CONCLUSION**

For all the reasons stated above, Appellant's appeal of the bankruptcy court's denial of his Motion for Sanctions and Motion to Reconsider is denied, and the Memorandum Orders of the bankruptcy court are affirmed.

## II. ORDER

For the reasons stated above, the Orders of the bankruptcy court dated March 3, 2014, and April 10, 2014, denying Appellant's Motion for Sanctions and Motion for Reconsideration, are **AFFIRMED**.

IT IS SO ORDERED.


February 13, 2015                                s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

ERNEST SMALIS
6652 Northumberland St
Pittsburgh, PA 15217